ORDER DENYING MOTION FOR RECONSIDERATION
On June 27, 2014, Appellant filed a motion asking this Court to reconsider its June 12, 2014 order dismissing her appeal based on her failures to comply with the court rules and this Court’s Scheduling Order. A Motion for reconsideration must be filed within ten calendar days and must be accompanied by proof of service on the opposing party. TTC 2.20.110(2); TTC 2.20.010(4)(b). Appellant once again has filed a pleading late and without the mandatory accompanying proof of service in violation of the court rules. This Court does not have the discretion to ignore the directive of the Tulalip Board of Directors that a “motion for reconsideration must be filed within 10 days of service of the decision or order,” TTC 2.20.110(2) (emphasis added), and even if we did, the procedural irregularities of which Appellant complains and the excuses she offers for failing to comply with the rules are not supported by the record.
The Motion for Reconsideration is denied.
It is so ordered, for the panel:
John C. Sledd, Justice,
Jane M. Smith, Justice,
/s/ Daniel A. Raas Daniel A. Raas, Chief Justice.
ATTACHMENT
IN THE TULALIP TRIBAL COURT OF APPEALS
TULALIP INDIAN RESERVATION
TULALIP, WASHINGTON
S.G.B.
Appellant,
v.
Tulalip Tribes Housing Department,
Appellee.
NO. TUL-CV-AP-2014-0040
{TUL-CV-ET-2013-0637}
ORDER DISMISSING APPEAL
On June 6, 2014, Appellee filed a motion to dismiss this appeal based on Appellant’s failure to comply with the appellate rules. Appellee’s motion to dismiss is granted. As the Scheduling Order in this matter noted, Appellant’s Notice of Appeal was untimely filed, and the appeal was allowed only due to the absence of a clear record of service of the Employment Court order on the Appellant. Despite this warning, and despite the careful explanation of the tim *138 ing and filing requirements in the Scheduling Order for filing her opening brief, Appellant has again treated the deadlines for her appeal as flexible guidelines. She failed to comply with the explicit requirements in the Scheduling Order regarding when she was to serve her opening brief, failed to file a Declaration of Service within the time requirements of the Scheduling Order, and has included material with her opening brief which the Scheduling Order had specifically excluded. Appellant’s repeated failures to comply with the appellate rules and failure to comply with this Court’s Scheduling Order result in significant unnecessary costs to Appellee, the Court, and the Tribes, and constitute grounds for dismissal under TTC 2.20.050(1).
The Appeal is dismissed.
It is so ordered 12 day of June 2014, for the panel:
John C. Sledd, Justice,
Jane M. Smith, Justice,
/s/ Daniel A. Baas Daniel A. Raas, Chief Justice.